PEOPLE v KRAMER

Docket No. 72166. Submitted April 3, 1984, at Lansing.—Decided
    June 25, 1984.

Charles D. Kramer was convicted, on his plea of guilty, of second-
    degree criminal sexual conduct and was sentenced to serve a
    term of probation a condition of which was that he reimburse
    the county for medical expenses incurred on his behalf during
    his incarceration, Bay Circuit Court, William J. Caprathe, J.
    Defendant appealed. *Held:*

    Judges have considerable discretion in setting conditions of
    probation limited only by the requirements that the conditions
    imposed be lawful and logically related to rehabilitation. Re-
    quiring a defendant to reimburse the county for medical expen-
    ses incurred on his behalf during his incarceration is not a
    proper condition of probation.

    Sentence vacated in part.

Criminal Law — Sentencing — Probation — Conditions of Proba-
    tion.

    Judges have considerable discretion in setting conditions of proba-
    tion limited only by the requirements that the conditions
    imposed be lawful and logically related to rehabilitation; re-
    quiring a defendant to reimburse the county for medical expen-
    ses incurred on his behalf during his incarceration is not a
    proper condition of probation.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *George B. Mullison,*
Prosecuting Attorney, and *Thomas J. Rasdale,*
Assistant Prosecuting Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate
Defender, for defendant on appeal.

References for Points in Headnote

21 Am Jur 2d, Criminal Law §§ 570, 572.
60 Am Jur 2d, Penal and Correctional Institutions §§ 11, 16.

Before: DANHOF, C.J., and R. B. BURNS and GRIBBS, JJ.

PER CURIAM. Defendant appeals from a circuit court order directing that, as a condition of probation, he reimburse Bay County for medical costs incurred by the county on his behalf during his incarceration in the county jail. The prosecutor argues that MCL 771.3(4); MSA 28.1133(4) authorizes the court to set any "lawful" condition of probation and thus gives the court broad discretion in setting conditions of probation, including ordering a defendant to pay medical expenses incurred during incarceration. This position, the prosecutor argues, is supported by MCL 801.4 *et seq.;* MSA 28.1724 *et seq.,* which grants county boards of commissioners the right to seek reimbursement of such expenses from prisoners of county jails. The statute also specifies that a prisoner who refuses to cooperate with a county seeking reimbursement of such expenses shall not receive a reduction of his or her prison term for good conduct. MCL 801.5a(3); MSA 28.1725(1)(3); see also MCL 801.257; MSA 28.1747(7). According to the prosecutor, MCL 801.4 *et seq.;* MSA 28.1724 *et seq.* illustrates that the Legislature recognizes that a prisoner can be liable for repayment of medical expenses and, therefore, probation can be lawfully conditioned on repayment of such expenses.

The prosecutor is correct in his contention that judges have considerable discretion in setting conditions of probation. This discretion is limited only by the requirement that the conditions be lawfully and logically related to rehabilitation. *People v Johnson,* 92 Mich App 766; 285 NW2d 453 (1979); *People v Pettit,* 88 Mich App 203; 205; 276 NW2d 878 (1979). However, we believe that requiring

defendant to reimburse the county for medical expenses was not a proper condition of probation. In other situations where the Legislature has deemed it appropriate to condition probation on the recovery of expenses incurred on behalf of a defendant by a county, the Legislature has expressly authorized such conditions. MCL 771.3; MSA 28.1133 states that probation may be conditioned on repayment of costs, limited to expenses incurred in prosecuting the defendant or providing the defendant with legal assistance and probationary oversight. It should be noted that the Legislature was clearly aware that medical expenses were often incurred on behalf of prisoners, as it provided the counties with a mechanism for recovering such expenses. MCL 801.4 *et seq.;* MSA 28.1724 *et seq.* Furthermore, it provided that the penalty for a failure to cooperate with an attempt to recover such expenses is the inability to use good-conduct time to reduce a sentence.

The absence of any express authorization by the Legislature to condition probation on a defendant's reimbursement of medical expenses incurred on his behalf by a county when express authorization was given to condition probation on the recovery of other expenses, coupled with the fact that the Legislature has provided counties with a mechanism for recovering such expenses and a specific penalty for failure to cooperate in a county's attempt to recover such expenses, leads us to the opinion that the Legislature did not intend the reimbursement of medical expenses to be a proper condition of probation. Thus, we must reject the prosecutor's argument and vacate that portion of the probation order requiring reimbursement of medical expenses.

Sentence vacated in part.