PEOPLE v GONYO

Docket No. 106776. Submitted September 13, 1988, at Lansing. Decided December 19, 1988.

Jeffrey A. Gonyo pled guilty in the Eaton Circuit Court to attempted larceny in a building. The trial court, Richard M. Shuster, J., sentenced defendant to two years probation with the first ninety days to be served in the county jail. As a condition of probation, defendant was required to pay room and board while in jail, payment to commence after defendant was released from jail and back to work. Defendant appealed from the provision of the probation order requiring the payment of room and board.

The Court of Appeals *held:*

The absence of express statutory authority permitting reimbursement of room and board to be a condition of probation, coupled with the legislative scheme in the Prisoner Reimbursement to the County Act providing a method for a county to seek reimbursement for expenses for maintaining a prisoner, leads to the conclusion that the Legislature did not intend the reimbursement of room and board to be a proper condition of probation. The portion of the probation order requiring reimbursement for room and board is vacated.

Sentence vacated in part.

1. CRIMINAL LAW — SENTENCING — PROBATION — CONDITIONS OF PROBATION.

A sentencing judge has considerable discretion in setting conditions of probation; however, the exercise of such discretion must be guided by what is lawfully and logically related to defendant's rehabilitation.

2. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION — COSTS.

The costs which a sentencing court may require a probationer to pay as a condition of probation are limited to expenses specifi-

REFERENCES

Am Jur 2d, Criminal Law §§ 570-575, 1039 *et seq.*

Validity of requirement that, as condition of probation, indigent defendant reimburse defense costs. 79 ALR3d 1025.

cally incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer; a sentencing court may not require a defendant sentenced to probation with part of the sentence to be served in a county jail to pay, as a condition of probation, the room and board costs incurred by the county (MCL 771.3; MSA 28.1133).

3. CRIMINAL LAW — EXPENSES FOR MAINTAINING PRISONERS — AC-
   TIONS — COUNTIES.

   The Legislature has provided a method for a county to seek reimbursement for expenses for maintaining a prisoner; a county attorney may file a civil action to seek such reimbursement (MCL 801.81 *et seq.*; MSA 28.1770[1] *et seq.*).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Willingham & Coté, P.C.* (by *Patrick K. Ehlmann*), for defendant on appeal.

Before: HOLBROOK, JR., P.J., and SAWYER and MURPHY, JJ.

MURPHY, J. Defendant pled guilty to attempted larceny in a building, MCL 750.360; MSA 28.592 and MCL 750.92; MSA 28.287. Defendant does not challenge his conviction, but appeals a provision of his sentence.

The trial court sentenced defendant to two years probation with the first ninety days to be served in the county jail. Relevant to this appeal, one of the conditions of probation required defendant to pay room and board while in jail, payment to commence after defendant was released from jail and back to work. Defendant challenges this provision in the probation order. Admirably, the prosecuting attorney concedes on appeal that the trial court erred in imposing this condition as a term of probation. We agree.

Although a sentencing judge has considerable discretion in setting conditions of probation, the exercise of that discretion must be guided by what is lawfully and logically related to defendant's rehabilitation. *People v Johnson,* 92 Mich App 766, 768; 285 NW2d 453 (1979); *People v Pettit,* 88 Mich App 203, 205; 276 NW2d 878 (1979); *People v Higgins,* 22 Mich App 479; 177 NW2d 716 (1970).

MCL 771.3; MSA 28.1133 sets forth the required as well as the permissible conditions of probation.[1] The statute does not state that reimbursement of room and board for a jail term is a permitted condition of probation. Subsection (4) of the statute is the source of a sentencing court's general authority to impose conditions of probation not otherwise specified in the statute. It provides, in part:

> The court may impose other lawful conditions of probation as the circumstances of the case may require or warrant, or as in its judgment may be proper.

While this statement provides the general authority to impose any lawful condition of probation, it is limited by the second sentence of the subsection, which states:

> If the court requires the probationer to pay costs, the costs shall be limited to expenses specifically incurred in prosecuting the defendant or providing legal assistance to the defendant and probationary oversight of the probationer.

This provision clearly limits the discretion of the

[1] For example, the statute expressly provides that restitution to a victim or a victim's estate is authorized as a permissible condition of probation. MCL 771.3(2)(d); MSA 28.1133(2)(d).

sentencing court when it imposes "costs" as a condition of probation.

This Court, in *People v Kramer,* 137 Mich App 324; 358 NW2d 10 (1984), held that a condition of probation requiring a defendant to reimburse the county for medical expenses incurred on his behalf was invalid. The Court concluded that there was no express authorization by the Legislature to condition probation on reimbursement of such expenses while express authority was given to condition probation on recovery of other expenses.

However, we note that the Legislature has specifically provided under the Prisoner Reimbursement to the County Act, MCL 801.81 *et seq.;* MSA 28.1770(1) *et seq.,* a method for a county to seek reimbursement for expenses for maintaining a prisoner. This statute provides an extensive set of rules and safeguards governing the reimbursement of a county's costs in providing room and board to a prisoner who serves time in its jail. Importantly, this act provides that the county attorney may file a *civil* action to seek reimbursement. See MCL 801.87; MSA 28.1770(7).

The absence of express authority under MCL 771.3; MSA 28.1133, permitting reimbursement to be a condition of probation, coupled with the legislative scheme in the Prisoner Reimbursement to the County Act, leads us to conclude that the Legislature did not intend the reimbursement of room and board to be a proper condition of probation.

Accordingly, we hold that the sentencing judge was without statutory or other authority to require defendant to reimburse the county for room and board as part of his sentence. Thus, we vacate that portion of the probation order requiring reimbursement for room and board.

Sentence vacated in part.