Per Curiam.
 

 Defendant appeals by delayed leave granted his sentence in Saginaw Circuit Court Docket No. 94-009022 FH (Case No. 9022), in which he pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). For that guilty plea, the trial court sentenced defendant to lifetime probation and to a fine of $25,000 to reimburse the state for the cost of his incarceration in a related case, Saginaw Circuit Court Docket No. 94-009436 (Case No. 9436), in which defendant pleaded guilty to another count of possession with intent to deliver less than fifty grams of cocaine. We vacate defendant’s sentence and remand the matter for resentencing.
 

 
 *709
 
 I. BASIC FACTS AND PROCEDURAL HISTORY
 

 With regard to Case No. 9436, in late January 1994, a police officer in Carrollton apparently observed defendant’s automobile make a right turn without a signal having been used. When the police officer stopped defendant and asked him to produce his driver’s license and registration, defendant replied that he did not have a valid driver’s license. The police officer then arrested defendant for his failure to have a valid driver’s license. When he searched defendant’s automobile, the police officer discovered a small plastic bag containing 22.83 grams of crack cocaine and a razor blade. The officer then searched defendant and found, among other items, $768 in cash and a stolen .25 caliber automatic handgun.
 

 In Case No. 9022, in mid-February 1994, in Zilwaukee, a police officer apparently observed defendant’s automobile parked near an exit ramp on 1-75. Defendant was leaning out the driver’s door and vomiting. The police officer approached defendant’s vehicle and observed a half-full, forty-ounce bottle of beer on the front seat. When the officer asked for defendant’s license, defendant replied that he did not have one. The officer searched defendant and found, among other items, $372 in cash and a small plastic bag containing .375 grams of powdered cocaine. After defendant’s arrest, the police searched his vehicle and found $522 in cash in the glove box. Additionally, the police found 1.2 grams of marijuana and 4.355 grams of crack cocaine under the front passenger seat. Defendant told the officers that he sold cocaine to three of his co-workers at General Motors Corporation, Saginaw Division.
 

 
 *710
 
 Pursuant to a plea agreement, defendant pleaded guilty in both cases of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant’s plea agreement included a prosecutorial sentence recommendation that he receive a sentence of “a year in the county jail with no objection to work release.” However, the trial court sentenced defendant to consecutive terms of five to twenty years’ imprisonment in Case No. 9436 and one to twenty years’ imprisonment in Case No. 9022. The trial court denied defendant’s motion to withdraw his pleas, which motion had been based on the variance between the agreed-upon sentence and the actual sentence imposed in Case No. 9022.
 

 Defendant appealed the trial court’s refusal to allow him to withdraw his pleas. This Court remanded the matter for further proceedings' in an unpublished memorandum opinion, issued January 26, 1996 (Docket No. 180553). Although this Court noted that the bargained-for sentence of “a year in the county jail with no objection to work release” was illegal for reasons not pertinent to this appeal, it stated that, “[notwithstanding the illegality of such a sentence, the fact remains that defendant did not receive the sentence that he bargained for, nor was he allowed to withdraw his guilty pleas.” Thus, this Court ordered the trial court on remand to allow defendant either to affirm or withdraw his guilty pleas.
 

 On remand, defendant again pleaded guilty to two counts of possession with intent to deliver less than fifty grams of cocaine in Case Nos. 9436 and 9022. At defendant’s sentencing, the trial court made the following statements, as pertinent:
 

 
 *711
 

 The Court:
 
 Now, the other thing is you have cost the public a little money, so I have been looking at that too. It costs, I am not sure whether it’s [$]25 or [$]28,000 a year to house people these days, and with a good job like yours, you will be well able to reimburse the public for what you cost them. And particularly if I am kindly enough to let you back....
 

 The Court:
 
 Well, on charge 9436 ... I will sentence you to 542 days in prison with 542 days credit, [
 
 1
 
 ] plus $40 to the Crime Victim Rights Fund within 30 days. Case No. 9022, you will serve lifetime probation. . . .
 

 The
 
 Court: Submit to random urine or substance abuse testing .... Pay $40 to the Crime Victim Rights Fund within 30 days. Pay $1,800 supervision fees. Pay a forensic fee of $150 within three months. And now the other part is to pay $25,000.
 

 The Defendant:
 
 [$]25,000?
 

 The Court:
 
 As a fine to reimburse the public for your time in prison at the rate of $100 per week, and continue to work full time. So that will take a while, but I figure that
 
 *712
 
 the public didn’t ask to put you up in prison and you should be paying for that, and not the public, so that’s what I am looking at.
 

 It is intended to be a punishment in the hopes of deterring others similarly situated and for the protection of society.
 

 Thus, the trial court entered an order of lifetime probation in Case No. 9022 that required defendant to pay a $25,000 fine at the rate of $100 a week. Later, the trial court amended the order of probation to require defendant to pay $50 a week to satisfy the $25,000 fine. This Court then granted defendant’s delayed application for leave to appeal.
 

 H PRESERVATION OF ISSUE AND STANDARD OF REVIEW
 

 Defendant was unable to raise any issues related to the reimbursement order at sentencing, apparently because the trial court’s decision to require defendant to reimburse the state for his imprisonment in Case No. 9436 came as some surprise. However, resolution of the issues raised on appeal is primarily a matter of statutory interpretation, which is a question of law.
 
 People v
 
 Webb, 458 Mich 265, 274; 580 NW2d 884 (1998). This Court may consider an unpreserved question of law where the facts necessary for its resolution have been presented.
 
 Poch v
 
 Anderson, 229 Mich App 40, 52; 580 NW2d 456 (1998). This Court reviews questions of law de novo.
 
 Webb, supra
 
 at 274.
 

 m. STATUTORY AUTHORIZATION FOR $25,000 REIMBURSEMENT FINE
 

 Defendant argues that the trial court was not authorized to impose a fine because he was convicted
 
 *713
 
 of possession with intent to deliver less than fifty grams of cocaine under MCL 333.7401(2)(a)(iv); MSA 14.15(740l)(2)(a)(iv), which provides, as pertinent, that a person found guilty of this crime “shall be imprisoned for not less than 1 year nor more than 20 years, and may be fined not more than $25,000.00, or placed on probation for life.” Defendant argues this statute clearly provides that the trial court could sentence him to imprisonment for one to twenty years and, additionally, require him to pay a fine of not more than $25,000,
 
 or
 
 it could sentence him to lifetime probation, but that it could not impose a fíne
 
 in addition to
 
 the order of lifetime probation.
 

 In interpreting a statute, this Court’s goal is to ascertain and give effect to the intent of the Legislature.
 
 People v
 
 Stanaway, 446 Mich 643, 658; 521 NW2d 557 (1994). The specific language of the statute is the first criterion in determining legislative intent.
 
 People v Pitts,
 
 216 Mich App 229, 232; 548 NW2d 688 (1996). MCL 333.7401(2)(a)(iv); MSA 14.15(740l)(2)(a)(iv) provides that the trial court may imprison a person convicted of possession with intent to deliver less than fifty grams of a controlled substance for an indeterminate period of one to twenty years and, in addition to imprisonment, may fine that person not more than $25,000. In the alternative, the statute authorizes the trial court to order the convicted person to serve lifetime probation. Contrary to defendant’s argument on appeal, the statute does not clearly preclude the trial court from imposing a fine in addition to lifetime probation. While one might interpret the statute to mean just that, one might also interpret the language of the statute to mean that the trial court’s ability to impose a fine on
 
 *714
 
 a lifetime probationer is unfettered. In this reading, the trial court could impose a fine of more than $25,000 on the lifetime probationer. (Indeed, it would make sense for the Legislature to authorize sentencing courts to impose greater fines on lifetime probationers as an extra deterrent measure, because these offenders are fortunate enough to avoid serving time in prison.) Because it is susceptible to two different interpretations, MCL 333.7401(2)(a)(iv); MSA 14.15(740l)(2)(a)(iv) is ambiguous.
 

 If reasonable minds can differ with regard to the meaning of a statute, as here, judicial construction is appropriate.
 
 People v Armstrong,
 
 212 Mich App 121, 123; 536 NW2d 789 (1995). As a general rule of statutory construction, when two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails.
 
 People v Ellis,
 
 224 Mich App 752, 756; 569 NW2d 917 (1997). MCL 771.3(2)(b) and (3); MSA 28.1133(2)(b) and (3) state,
 
 [2]
 
 as pertinent:
 

 (2) As a condition of probation, the court may require the probationer to do 1 or more of the following:
 

 (b) Pay immediately or within the period of his or her probation a fine imposed when placed on probation.
 

 (3) Subsection (2) may be applied to a person who is placed on probation for life pursuant to [a conviction
 
 *715
 
 for violating MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv)]
 
 [3]
 
 for the first 5 years of that probation.
 

 Defendant urges this Court to adopt the construction of MCL 333.7401(2)(a)(iv); MSA 14.15(740l)(2)(a)(iv) that conflicts with MCL 771.3(2)(b) and (3); MSA 28.1133(2)(b) and (3), which deal more specifically with a person who is placed on probation pursuant to a conviction for violating MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). .In our view, the express authorization of a fine to be paid for the first five years of lifetime probation, as mentioned in the text of MCL 771.3(2)(b) and (3); MSA 28.1133(2)(b) and (3), clearly manifests the Legislature’s intent to allow the trial court to impose a fine on persons who are sentenced to lifetime probation for the crime of possessing with intent to deliver less than fifty grams of cocaine. Therefore, because the more specific statute clearly authorizes the imposition of a fine on lifetime probationers, we conclude that defendant’s argument that the trial court lacked authority to impose any fine is incorrect.
 

 However, the trial court did not impose the $25,000 obligation on defendant as a mere fine, but rather as a means “to reimburse the public for [the cost of defendant’s] time in prison” in Case No. 9436.
 
 [4]
 
 In this
 
 *716
 
 context, there is a difference between a fíne and an order of reimbursement. A “fine” is commonly defined as “[a] pecuniary punishment imposed by [a] lawful tribunal upon [a] person convicted of [a] crime or [a] misdemeanor.” Black’s Law Dictionary (5th ed). However, the common meaning of the term “reimburse” is “[t]o pay back, to make restoration, [or] to repay that expended.”
 
 Id.
 
 A fine imposed pursuant to a conviction for possession with intent to deliver a controlled substance is a criminal punishment that serves the object of deterrence.
 
 People v Antolovich,
 
 207 Mich App 714, 717-718; 525 NW2d 513 (1994). Reimbursement orders directed at prisoners requiring them to pay the state or the county for the costs associated with their imprisonment are creatures of statute. See, e.g., MCL 800.401
 
 et seq.;
 
 MSA 28.1701
 
 et seq.
 
 (State Correctional Facility Reimbursement Act [SCFRA]), MCL 801.81
 
 et seq.;
 
 MSA 28.1770(1)
 
 et seq.
 
 (Prisoner Reimbursement to the County Act [PRCA]). They are civil in nature. See
 
 Auditor General v Olezniczak,
 
 302 Mich 336, 346-347; 4 NW2d 679 (1942). Clearly, although it might have a secondary deterrent effect, an order of reimbursement is not a fine; it is a species of restitution.
 

 Thus, the primary issue in this appeal is not whether the trial court was authorized to make defendant’s payment of a fine a condition of his pro
 
 *717
 
 bation—something it was clearly empowered to do— but whether the trial court’s order of reimbursement was a proper condition of defendant’s probation. As the prosecution correctly notes, this Court has dealt with similar issues in the past. In
 
 People v Kramer,
 
 137 Mich App 324; 358 NW2d 10 (1984), as a condition of probation, the trial court ordered the defendant to reimburse Bay County for medical costs it incurred during his stay in jail. The prosecutor argued that MCL 771.3(4); MSA 28.1133(4) authorized the trial court to set any “lawful” condition of probation in its discretion and thus empowered the trial court to require the defendant to reimburse the county for his medical costs. The prosecutor further argued that the PRCA, which, inter alia, allows county boards of commissioners to seek reimbursement of medical costs from prisoners in county jail, further supported its position.
 
 Kramer, supra
 
 at 325.
 

 However, this Court disagreed with the prosecutor’s position. This Court noted that MCL 771.3; MSA 28.1133 authorized the trial court to order payment of costs as a condition of probation, but limited costs to expenses incurred in prosecuting the defendant or providing legal assistance to the defendant, as well as costs associated with the supervision of the probationer.
 
 Kramer, supra
 
 at 326. Recognizing that prisoners often incur medical expenses while in jail, the Legislature enacted the PRCA as the mechanism for recovering these expenses and penalizing prisoners who refuse to cooperate with attempts to recover medical costs.
 
 Id.
 
 This Court stated:
 

 The absence of any express authorization by the Legislature to condition probation on a defendant’s reimbursement of medical expenses incurred on his behalf by a county
 
 *718
 
 when express authorization was given to condition probation on the recovery of other expenses, coupled with the fact that the Legislature has provided counties with a mechanism for recovering such expenses and a specific penalty for failure to cooperate in a county’s attempt to recover such expenses, leads us to the opinion that the Legislature did not intend the reimbursement of medical expenses to be a proper condition of probation. Thus, we must reject the prosecutor’s argument....
 
 [Id,.]
 

 Similarly, in
 
 People v Gonyo,
 
 173 Mich App 716; 434 NW2d 223 (1988), the trial court sentenced the defendant to two years’ probation, with the first ninety days to be served in jail, and ordered the defendant to reimburse the county for the cost of his room and board while in jail as a condition of his probation.
 
 Id.
 
 at 717. In holding that the trial court’s order of reimbursement was not a proper condition of probation, this Court stated:
 

 [W]e note that the Legislature has specifically provided under the [prca] a method for a county to seek reimbursement for expenses for maintaining a prisoner. This statute provides an extensive set of rules and safeguards governing the reimbursement of a county’s costs in providing room and board to a prisoner who serves time in its jail. Importantly, this act provides that the county attorney may file a
 
 civil
 
 action to seek reimbursement.
 

 The absence of express authority under MCL 771.3; MSA 28.1133, permitting reimbursement to be a condition of probation, coupled with the legislative scheme in the [prca], leads us to conclude that the Legislature did not intend the reimbursement of room and board to be a proper condition of probation.
 
 [Id.
 
 at 719 (citation omitted).]
 

 Although the prosecution argues that this Court should “look at the issue afresh,” it fails to argue persuasively why this Court should conclude that the
 
 *719
 
 order of reimbursement was a proper condition of defendant’s probation. While a sentencing court has considerable discretion in setting conditions of probation, the exercise of that discretion must be guided by what is lawfully and logically related to the defendant’s rehabilitation.
 
 Id.
 
 at 718. As this Court noted in
 
 Gonyo, supra at
 
 718, and
 
 Kramer, supra
 
 at 326, MCL 771.3(6); MSA 28.1133(6) provides that a court may make the payment of costs a condition of probation, limited to costs associated with prosecution and supervision, as well as costs incurred in providing legal assistance to the defendant. The statute makes no mention of reimbursement for the expenses of housing the defendant in prison. Elsewhere, the scfra sets forth detailed procedures by which the Attorney General may file a
 
 civil
 
 action in the circuit court for reimbursement to the state for expenses incurred in the housing of prisoners. MCL 800.403—800.404; MSA 28.1703—28.1704, see also
 
 State Treasurer v Cuellar,
 
 190 Mich App 464, 466-467; 476 NW2d 644 (1991). In light of the absence of express authority under MCL 771.3; MSA 28.1133 permitting reimbursement to be a condition of probation, coupled with the extensive legislative scheme of the scfra setting forth the procedures for reimbursement, as well as the previously discussed case law, we conclude that the Legislature did not intend the reimbursement of costs of confinement to be a proper condition of probation.
 
 [5]
 

 
 *720
 
 In light of our resolution of this issue, it is unnecessary to address the other issues presented by defendant.
 

 We vacate defendant’s sentence and remand the matter for resentencing. We note that the trial court is not necessarily precluded by our holding from imposing a fine as part of defendant’s sentence on remand pursuant to MCL 333.7401(2)(a)(iv); MSA 14.15(740l)(2)(a)(iv). However, any such fíne should not be imposed as a condition of probation tied to “reimbursement” of the costs of defendant’s imprisonment. We do not retain jurisdiction.
 

 Vacated and remanded.
 

 [1]
 

 We note that the fixed, or in other words “determinate,” 542-day prison sentence imposed in Case No. 9436 was plainly improper because it was not an
 
 indeterminate
 
 sentence. The statute that defendant pleaded guilty of violating in Case No. 9436 (and in the case at hand) was MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), which provides as a possible punishment imprisonment “for not less than 1 year nor more than 20 years . . . .” MCL 769.8; MSA 28.1080, as in force at the time of defendant’s crime, as well as in its amended form at the time of defendant’s sentencing and its further amended current version, generally precludes a trial court from imposing “a definite term of imprisonment” with regard to a sentence of imprisonment in a state prison, and this statutory provision was applicable to Case No. 9436. Nevertheless, this case does not involve any appeal from the judgment of sentence in Case No. 9436. Accordingly, we are without jurisdiction to disturb the judgment of sentence in Case No. 9436, see MCR 7.203 (articulating the jurisdiction of this Court), and we decline to further consider the impropriety of the sentence in Case No. 9436.
 

 [2]
 

 We quote the statute as currently in force. In pertinent part, MCL 771.3; MSA 28.1133 was substantively identical at the time the sentence at issue was imposed.
 

 [3]
 

 We have inserted the material within the brackets for the sake of clarity and ease. The actual text of the statute reads, as pertinent, that “[s]ubsection (2) may be applied to a person who is placed on probation for life pursuant to sections 1(4) and 2(3) of this chapter,” which are MCL 771.1(4); MSA 28.1131(4) and MCL 771.2(3); MSA 28.1132(3), respectively. MCL 771.1(4); MSA 28.1131(4) provides, as pertinent, that a defendant convicted of violating MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) may be placed on lifetime probation.
 

 [4]
 

 The prosecution argues that the trial court ordered defendant to pay $25,000 as a mere fine and not as a reimbursement for the amount of money it cost to house him in prison. However, the trial court clearly
 
 *716
 
 based its calculation of defendant’s obligation on the amount of money it cost taxpayers to house defendant in prison for one year and stated explicitly that defendant was to reimburse the taxpayers for the amount spent to house him for a year. Although the order to pay $25,000 is categorized as a fine on the order of probation, the fact that the trial court did not limit defendant’s obligation to pay $100 a week to the first five years of his lifetime probation, as MCL 771.3(2)(b) and (3); MSA 28.1133(2)(b) and (3) require, demonstrates that the trial court intended the order to be something other than a fine.
 

 [5]
 

 The prosecution contends that “it is rather unrealistic to think that legislators wanted that basic objective [of reimbursement] achieved only by means of the scfra; it is far more likely that they wanted that goal achieved by whatever legal device happens to be most convenient and efficacious in a given situation, so long as it is also fair.” Actually, this is exactly what legislators intended—by enacting the scfra. Subsection 4a(l) of the scfra, MCL 800.404a(l); MSA 28.1705(1), provides, as pertinent:
 

 
 *720
 
 [I]n seeking to secure reimbursement under this act, the attorney general may use any remedy, interim order, or enforcement procedure allowed by law or court rule including an ex parte restraining order to restrain the prisoner or any other person or legal entity in possession or having custody of the estate of the prisoner from disposing of certain property pending a hearing on an order to show cause why the particular property should not be applied to reimburse the state as provided for under this act.
 

 Moreover, § 5 of the scfra, MCL 800.405; MSA 28.1707, directs “[t]he sentencing judge, the sheriff of the county, the chief administrator of the state correctional facility, and the department of treasury” to provide any assistance possible to the Attorney General to secure reimbursement. In light of the Attorney General’s extraordinary powers under the scfra, there is little reason to believe that the Legislature found it necessary to enlist the judiciary’s active participation in the reimbursement process.