PEOPLE v MEEKS

Docket No. 297030. Submitted June 8, 2011, at Grand Rapids. Decided June 16, 2011, at 9:00 a.m.

Michael Meeks was convicted by a Kent Circuit Court jury of assault with a dangerous weapon, MCL 750.82. The court, Dennis B. Leiber, J., sentenced defendant as a second-offense habitual offender to a prison term of 21 to 72 months. When scoring the sentencing guidelines, the court assessed five points for prior record variable (PRV) 2, MCL 777.52(1)(d) (prior low-severity felony convictions), because defendant had an out-of-state conviction for purchasing a stolen firearm. Defendant appealed.

The Court of Appeals *held*:

MCL 777.52(1)(d) requires the assessment of five points for PRV 2 when the defendant has one prior low-severity felony conviction. Defendant's prior conviction for purchasing a stolen firearm fell within the definition of a prior low-severity felony because it was for a felony from another state that corresponded to MCL 750.535b(2) (receiving a stolen firearm), which is a felony in offense class E of the sentencing guidelines under MCL 777.16z. Defendant argued that his prior conviction should have been treated as a misdemeanor because the value of the weapon he purchased was less than $200, which would generally have constituted misdemeanor-level receiving and concealing under MCL 750.535(5). However, MCL 750.535b(2) is a more specific statute relating particularly to stolen firearms and classifies such a crime as a felony. Moreover, defendant's prior conviction had to be treated as a felony even though the sentence he served for the conviction was only one year. A felony remains a felony irrespective of the sentencing peculiarities of another jurisdiction. Accordingly, the trial court properly assessed five points for PRV 2.

Affirmed.

SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLE 2 — OUT-OF-STATE CONVICTIONS.

Prior record variable 2 requires an assessment of points when a defendant has one or more prior low-severity felony convictions, including convictions from another jurisdiction for crimes that

correspond to crimes listed in certain offense classes under the sentencing guidelines; a conviction for an out-of-state crime is properly considered a low-severity felony when the offense is classified as a felony by the other jurisdiction and the offense falls within the definition of low-severity felony in MCL 777.52(2), even if the sentencing particularities of the other jurisdiction resulted in the defendant serving a sentence of one year or less.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*) for defendant.

Before: SHAPIRO, P.J., and O'CONNELL and OWENS, JJ.

PER CURIAM. Defendant Michael Meeks appeals as of right his sentence of 21 to 72 months' imprisonment after a jury found him guilty of assault with a dangerous weapon, MCL 750.82. The court sentenced defendant as a second-offense habitual offender, MCL 769.10. We affirm.

This case arises out of an incident that took place outside the Herkimer Hotel/Apartments in Grand Rapids wherein defendant accosted two friends who were talking. Tempers rose, some racist talk entered into the confrontation, some scuffling took place, and then defendant stabbed one of the friends in the arm with a knife.

At sentencing, defense counsel admitted that defendant had an earlier conviction in Indiana. The trial court elaborated that defendant had purchased a stolen firearm for $175 in Richmond, Indiana. Defendant confirmed those details. Defense counsel urged the court to treat that conviction as a misdemeanor for

purposes of scoring the sentencing guidelines, but the trial court determined that it should instead be treated as a low-severity felony. Specifically, the court declined to regard defendant's Indiana conduct as corresponding to a violation of the misdemeanor level of Michigan's receiving-and-concealing statute, MCL 750.535(5), but instead treated it as corresponding to this state's statute setting forth the crime of knowingly receiving a stolen firearm as a 10-year felony, MCL 750.535b(2).

Defendant argues that because the statute in question requires that a sister-state conviction be assessed by how it "corresponds" to Michigan law, his conviction should be considered as corresponding to MCL 750.535(5), which is the misdemeanor of receiving or concealing stolen goods worth less than $200. We disagree.

The proper application of the statutory sentencing guidelines presents a question of law, calling for review de novo. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001).

At issue is the scoring of prior record variable 2, which takes into account earlier low-severity felonies. MCL 777.52(1)(d) prescribes the assessment of five points when the defendant has one prior low-severity felony conviction. Subsection (2) defines "prior low severity felony conviction," in pertinent part, as follows:

> (b) A felony under a law of the United States or another state that corresponds to a crime listed in offense class E, F, G, or H.

> \* \* \*

> (d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense

class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of less than 10 years. [MCL 777.52(2)(b) and (d).]

The parties agree that defendant's Indiana conviction came under Ind Code 35-43-4-2, which penalizes receiving stolen property. Both parties attached that statute to their respective briefs on appeal. Subpart (a) declares that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use," thereby in general commits a class D felony under Indiana's criminal statutes or a class C felony if specified aggravating factors are present. Ind Code 35-43-4-2(a). There is no provision for a misdemeanor-level violation. Defendant argues that he served only one year in jail for his violation and insists that this indicates that his earlier conviction should be viewed as a misdemeanor for purposes of sentencing for this offense. Nonetheless, we conclude that a felony remains a felony even if a jurisdiction's peculiarities related to sentencing cause the sentence to mimic one for a misdemeanor. Accordingly, defendant's conviction was for a felony under a law of another state for purposes of MCL 777.52(2)(b) or (d).

There is no dispute that defendant's Indiana conviction resulted from his having purchased a stolen firearm at its fair-market price of $175. That would indeed have constituted misdemeanor-level receiving and concealing in Michigan. MCL 750.535(5). But the canons of statutory construction recognize the principle that when a specific statutory provision differs from a related general one, the specific one controls. See *People v Houston*, 237 Mich App 707, 714; 604 NW2d 706 (1999). The more specific statute applicable in this case is the one the trial court cited, MCL 750.535b(2), which

declares that "[a] person who receives, conceals, stores, [or] barters . . . a stolen firearm . . . , knowing that the firearm . . . was stolen, is guilty of a felony, punishable by imprisonment for not more than 10 years . . . ." That offense is a felony in offense class E of the sentencing guidelines. MCL 777.16z.

Affirmed.

SHAPIRO, P.J., and O'CONNELL and OWENS, JJ., concurred.