*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCO A. LOPEZ-HERNANDEZ,

        Defendant-Appellant.

FOR PUBLICATION
July 11, 2024
9:05 a.m.

No. 367731
Kent Circuit Court
LC No. 23-007041-AR

Before: RICK, P.J., and JANSEN and LETICA, JJ.

RICK, J.

Defendant appeals by leave granted[1] the circuit court's order affirming the district court's denial of a motion to dismiss a probation violation and subsequent motion for reconsideration. On appeal, defendant argues that under the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, the probation condition prohibiting his use of marijuana that is MRTMA-compliant is unlawful and unenforceable.[2] We affirm.

## I. FACTUAL BACKGROUND

In July 2022, defendant pleaded guilty to operating a vehicle while visibly impaired, MCL 257.625(3). Defendant does not dispute that the conviction was related to his use of marijuana, and that he was under the influence of marijuana while driving. The trial court sentenced him to serve two days in jail and six months' probation. As a condition of defendant's probation, he was prohibited from using or possessing marijuana. On two occasions in early 2023, defendant tested positive for marijuana, which resulted in two technical violations of his probation.

---

[1] *People v Lopez-Hernandez*, unpublished order of the Court of Appeals, entered February 28, 2024 (Docket No. 367731).

[2] "Although the statutory provisions at issue refer to 'marihuana' and 'usable marihuana,' this Court uses the more common spelling 'marijuana' in its opinions." *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16 (2013). We follow that convention unless quoting or specifically referring to the statute.

At a hearing to show cause for the violations, defendant pleaded not guilty and moved to have the probation violations dismissed, arguing that § 4 of the MRTMA established that MRTMA-compliant use of recreational marijuana is not grounds for penalty. The district court denied the motion on the basis that defendant previously consented to the condition.

Defendant subsequently moved for reconsideration. He argued that this Court's decision in favor of the defendant in *People v Thue*, 336 Mich App 45, 47; 969 NW2d 346 (2021), which concerned a probation condition prohibiting the use of medical marijuana under the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, compelled a similar result in the instant case under the MRTMA. The district court denied the motion, noting that unlike the *Thue* defendant, defendant in this case was placed on probation following an offense that involved the use of recreational marijuana in a manner not authorized by the MRTMA.

Defendant applied for leave to appeal in the circuit court, asserting that the district court abused its discretion by failing to dismiss his probation violations. In a written opinion and order, the circuit court affirmed the district court's ruling, noting that the instant case was factually distinct from *Thue* and that the condition of defendant's probation prohibiting him from using or possessing marijuana was rationally related to the underlying offense. This appeal followed.

## II. ANALYSIS

Defendant argues that the district court abused its discretion by denying his motion to dismiss his probation violation, and that the plain language of the MRTMA indicates that the use of marijuana in accordance with its terms is not a ground for penalty. We disagree.

A trial court's ruling on a motion to dismiss is reviewed for an abuse of discretion. *People v Bylsma*, 315 Mich App 363, 376; 889 NW2d 729 (2016). Likewise, "[t]his Court reviews a trial court's decision to grant or deny a motion for reconsideration for an abuse of discretion." *People v Perkins*, 280 Mich App 244, 248; 760 NW2d 669 (2008). We also review "the trial court's decision to set terms of probation for an abuse of discretion." *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Bylsma*, 315 Mich App at 376 (quotation marks and citation omitted). "We review de novo issues of statutory interpretation." *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016). "A fundamental rule of statutory interpretation is to determine the purpose and intent of the Legislature in enacting a provision." *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994).

"Probation is a matter of grace, not of right, and the trial court has broad discretion in determining the conditions to impose as part of probation." *People v Breeding*, 284 Mich App 471, 479-480; 772 NW2d 810 (2009). Certain conditions are required, MCL 771.3(1), while others are discretionary, MCL 771.3(2). A trial court may "impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." MCL 771.3(3). The court's exercise of this discretion "must be guided by what is lawfully and logically related to the defendant's rehabilitation." *People v Houston*, 237 Mich App 707, 719; 604 NW2d 706 (1999). Discretionary conditions "must be individually tailored to the probationer, must specifically address the assessed risks and needs of the probationer, must be designed to

reduce recidivism, and must be adjusted if the court determines adjustments are appropriate." MCL 771.3(11).

At issue in this case is the MRTMA, which was approved by voters in 2018 and "generally decriminalized the use and possession of marijuana by adults aged 21 years or older." *People v Armstrong*, 344 Mich App 286, 297; 1 NW3d 299 (2022). Defendant seeks reversal of the district court's order denying a motion to dismiss his probation violations on the basis that the condition of his probation prohibiting the use of marijuana was unlawful under the MRTMA. In support of his argument, defendant relies on this Court's decision in *Thue*, 336 Mich App at 47. There, the defendant pleaded guilty to assault and battery following a road-rage incident and was sentenced to one year of probation. *Id*. at 38. A condition of that probation was that the defendant was prohibited from using marijuana, including medical marijuana. *Id*. The defendant sought to modify the terms of his probation, arguing that this probation condition was unlawful because he was an authorized user of medical marijuana under the MMMA. *Id*. The district court denied the defendant's motion, noting that "it had the authority to place restrictions on medication and that the restriction was appropriate" under the circumstances. *Id*.

On appeal, this Court held that "a condition of probation prohibiting the use of medical marijuana that [was] otherwise used in accordance with the MMMA [was] directly in conflict with the MMMA and [was] impermissible." *Id*. at 47. This Court reasoned that the plain language of the MMMA established that any conflicting statutes or provisions were preempted or superseded by the MMMA, including Michigan's probation act. *Id*. at 47. There was no indication that the defendant used marijuana in violation of the MMMA, and thus, this Court concluded that "the district court erred by prohibiting [the] defendant from MMMA-compliant marijuana use as a term of his probation . . . ." *Id*. at 47-48.

Applying *Thue*, defendant asserts that because the MRTMA provision that prohibits penalizing the use of marijuana in a manner compliant with the statute mirrors the language of the MMMA on the same subject, the probation condition prohibiting his use of recreational marijuana is unenforceable. Section 4 of the MMMA states that if an individual possesses a registry identification card, their medical use of marijuana in accordance with the MMMA "is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege . . . ." MCL 333.26424(a). Section 5 of the MRTMA mirrors this language, stating that recreational uses of marijuana by persons 21 years of age or older in accordance with the MRTMA "are not an offense, are not grounds for seizing or forfeiting property, are not grounds for arrest, prosecution, or penalty in any manner, are not grounds for search or inspection, and are not grounds to deny any other right or privilege[.]" MCL 333.27955(1). Likewise, § 4 of the MRTMA provides that "[a]ll other laws inconsistent with [the MRTMA] do not apply to conduct that is permitted by [the MRTMA]." MCL 333.27954(5). Therefore, the language of the MMMA that this Court relied on in *Thue* is mirrored in the MRTMA.

However, defendant overlooks that in *Thue*, this Court stated that "the MMMA is inapplicable to the recreational use of marijuana, and thus, a trial court may still impose probation conditions related to the recreational use of marijuana and revoke probation for such recreational use as well as for marijuana use in violation of the MMMA." 336 Mich App at 48. The MRTMA was enacted in 2018, and *Thue* was decided in 2021. Although this statement was dicta, as the Court was only analyzing the matter in relation to the MMMA, it is clear that the Court believed

-3-

that a difference exists between imposing conditions of probation prohibiting the use of medical marijuana and those addressing the use of recreational marijuana.

Additionally, the prosecutor points out that under § 4 of the MRTMA, individuals are prohibited from "operating, navigating, or being in physical control of any motor vehicle, aircraft, snowmobile, off-road recreational vehicle, or motorboat while under the influence of marihuana[.]" MCL 333.27954(1)(a). Defendant pleaded guilty to operating a vehicle while under the influence of marijuana, MCL 257.625(3). Thus, argues the prosecutor, defendant is not entitled to any of the protections for recreational marijuana use set forth in the MRTMA. We agree. The MRTMA was enacted for a specific purpose. In enacting the law, the Legislature stated:

> The purpose of this act is to *make marihuana legal under state and local law for adults 21 years of age or older*, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is *to prevent arrest and penalty for personal possession and cultivation of marihuana by adults 21 years of age or older*; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; prevent the diversion of marihuana to illicit markets; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section. [MCL 333.27952 (emphasis added).]

Thus, the Legislature essentially placed marijuana in the same category of intoxicants as alcohol, which is legal for recreational use by adults over the age of 21. Indeed, in the context of the MMMA, we have noted that "since the approval of the MMMA, our Supreme Court has appeared to adopt the viewpoint that the electors intended for medical marijuana to be treated similarly to alcohol." *People v Dupre*, 335 Mich App 126, 137; 966 NW2d 200 (2020). We can fathom no reason why marijuana should not also be treated similarly to alcohol under the MRTMA.

Although the MRTMA provides that individuals cannot be directly penalized for recreational marijuana use, the law specifically prohibits the "operat[ion] . . . of any motor vehicle . . . while under the influence of marihuana[.]" MCL 333.27954(1)(a). Here, defendant was not penalized simply for recreational marijuana use, which would certainly violate the MRTMA. Instead, the probation condition prohibiting him from using marijuana was a penalty imposed for violating MCL 257.625(3). Nothing in the MRTMA suggests that it was intended to supersede the Michigan Vehicle Code (MVC), MCL 257.1 *et seq.*, particularly not those portions of the MVC designed to protect the health and safety of the public. See *People v Perry*, 338 Mich App 363, 377-379; 980 NW2d 92 (2021) (discussing the purpose of the MVC in the context of the MMMA and MRTMA). As noted previously, defendant does not dispute that he was under the influence of marijuana while driving a car. He was not using marijuana recreationally, in compliance with § 4 of the MRTMA, and was instead violating the law prohibiting the operation of a vehicle while visibly impaired. He is thus not entitled to protection from penalty under the

MRTMA for violating the terms of his probation, and we conclude that the condition of his probation prohibiting him from using marijuana is lawful.[3]

We additionally note that this probation condition was rationally related to the underlying offense to which defendant pleaded guilty. In general, although courts have broad discretion in establishing the terms of a defendant's probation, care must still be taken to ensure that probation conditions are rationally related to a defendant's rehabilitation, see *People v Graber*, 128 Mich App 185, 191; 339 NW2d 866 (1983), as well as tailored to the defendant's individual needs.[4] Here, defendant was convicted of a marijuana-related offense, suggesting that he may be suffering from a substance use disorder, or at the very least is incapable of recognizing on his own that driving while under the influence of marijuana is a major risk to his well-being and the safety of the general public. We thus conclude that the probation condition prohibiting defendant's use of marijuana was rationally related to his rehabilitation in this case, as it addresses the underlying substance use issue that led to his violation of MCL 257.625(3).

III. CONCLUSION

The trial court did not abuse its discretion by denying defendant's motion to dismiss his probation violation on the basis that his probation conditions were unlawful.

Affirmed.

/s/ Michelle M. Rick
/s/ Kathleen Jansen
/s/ Anica Letica

---

[3] We decline to hypothesize as to whether a probation condition proscribing the recreational use of marijuana where the defendant was *not* convicted of a marijuana-related crime would be permitted under the MRTMA, as that issue is not before us. More broadly speaking, we also observe that trial courts are often the recipient of federal funding, particularly for specialized treatment courts. Steven D. Capps, *Why We Do the Things That We Do: Court Funding and Law Practice*, pp 1, 3, available at <https://www.michbar.org/journal/pdf/pdf4article2117.pdf> (accessed May 22, 2024). Such funding may be contingent on compliance with federal laws and regulations, which may limit eligibility for specialty programming, for example. *Id*. at 3. Considering that marijuana remains illegal at the federal level, we question whether a blanket prohibition preventing trial courts from imposing marijuana-related probation conditions might affect overall federal funding eligibility for specialty courts, including those specifically designed to address defendants struggling with substance use disorders.

[4] To that end, a primary sentencing objective is rehabilitation. See *People v Parks*, 510 Mich 225, 265; 987 NW2d 161 (2022) (stating that "[r]ehabilitation is a specific goal of [Michigan's] criminal-punishment system."). We encourage trial courts to take full advantage of the resources available for determining appropriate probation conditions in order to properly address each defendant's individualized needs. .