*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DANIELLE HEAVEN-LEAH HESS,

Defendant-Appellant.

FOR PUBLICATION
October 24, 2024
3:19 PM

No. 366148
Montcalm Circuit Court
LC No. 2022-029309-AR

Before: SWARTZLE, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

On appeal, defendant argues that the district court abused its discretion by denying her motion to amend the terms of her probation and dismiss her probation violations. Defendant appeals by leave granted[1] the circuit court's order denying defendant leave to appeal the district court's order. Defendant asserts that, under the Michigan Regulation and Taxation of Marihuana Act (MRTMA), MCL 333.27951 *et seq.*, the condition of her probation that prohibits her use of marijuana that is MRTMA-compliant is unlawful and unenforceable.[2] Defendant notes that, unlike the defendant in a case recently published by this Court, *People v Lopez-Hernandez*, ___ Mich App ___, ___; ___ NW2d ___ (2024) (Docket No. 367731); slip op at 4-5, the offense that led to her probation was not marijuana-related, and, therefore, her case presents an issue of first impression to this Court. We affirm.

---

[1] *People v Hess*, unpublished order of the Court of Appeals, entered November 13, 2023 (Docket No. 366148).

[2] "Although the statutory provisions at issue refer to 'marihuana' . . . , by convention this Court uses the more common spelling 'marijuana' in its opinions." *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16 (2013). We follow that convention unless quoting or specifically referring to the statute.

# I. FACTUAL BACKGROUND

In August 2021, defendant pleaded guilty to one count of third-degree retail fraud, MCL 750.356d(4). The district court sentenced defendant to serve 12 months' probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11. The order of probation prohibited defendant from using or possessing marijuana and required that she submit to drug screening for marijuana. On two occasions in 2022, defendant tested positive for marijuana, which resulted in two violations of her probation. Defendant pleaded guilty to the first probation violation. Following the second violation, defendant moved the district court to amend the terms of her probation to allow the use and possession of marijuana, to vacate her first violation, and to dismiss her second violation, arguing that the condition of her probation that prohibited her use of marijuana violated the plain language of the MRTMA. Specifically, defendant argued that § 5 of the MRTMA, MCL 333.27955, which holds that the use of recreational marijuana in compliance with the MRTMA is not grounds for penalty, mirrored § 4 of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.*, which this Court held rendered a probation condition prohibiting a probationer's MMMA-compliant use of medical marijuana unlawful. See *People v Thue*, 336 Mich App 35, 47; 969 NW2d 346 (2021).

The district court denied defendant's motion on the basis that the MRTMA was already enacted at the time *Thue* was decided; therefore, the lack of discussion regarding recreational marijuana in *Thue* demonstrated that the MRTMA was not meant to be analyzed and applied identically to the MMMA. The district court concluded that defendant violated a lawful term of her probation, so it revoked defendant's HYTA status and sentenced her to serve 10 days in jail.

Defendant subsequently appealed the district court's order to the circuit court, arguing similarly that the condition of her probation prohibiting her use of recreational marijuana was unlawful under the MRTMA. The circuit court denied defendant's application to appeal, noting that probationers formed a separate class of people from law-abiding citizens, and, therefore, courts were permitted to restrict a probationer's use of legal substances, including recreational marijuana and alcohol. This appeal followed.

# II. ANALYSIS

Defendant argues that, because the plain language of the MRTMA indicates that the use of recreational marijuana in accordance with its terms is not a ground for penalty, the district court abused its discretion by denying defendant's motion and revoking her probation. We disagree.

"The decision to revoke probation is a matter within the sentencing court's discretion." *People v Ritter*, 186 Mich App 701, 706; 464 NW2d 919 (1991). Likewise, this Court reviews "the trial court's decision to set terms of probation for an abuse of discretion." *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). A trial court's ruling on a motion to dismiss is also reviewed for an abuse of discretion. *People v Bylsma*, 315 Mich App 363, 376; 889 NW2d 729 (2016). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted). This Court reviews "de novo issues of statutory interpretation." *People v Ambrose*, 317 Mich App 556, 560; 895 NW2d 198 (2016). "A fundamental rule of statutory interpretation is to determine the purpose

and intent of the Legislature in enacting a provision." *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994).

"Probation is a matter of grace, not of right, and the trial court has broad discretion in determining the conditions to impose as part of probation." *People v Breeding*, 284 Mich App 471, 479-480; 772 NW2d 810 (2009). The sentencing court is required to impose certain conditions, MCL 771.3(1), and may impose other discretionary conditions. MCL 771.3(2). A trial court may also "impose other lawful conditions of probation as the circumstances of the case require or warrant or as in its judgment are proper." MCL 771.3(3). Although a trial court "has considerable discretion in setting conditions of probation, the exercise of that discretion must be guided by what is lawfully and logically related to the defendant's rehabilitation." *People v Houston*, 237 Mich App 707, 719; 604 NW2d 706 (1999). Discretionary conditions "must be individually tailored to the probationer, must specifically address the assessed risks and needs of the probationer, must be designed to reduce recidivism, and must be adjusted if the court determines adjustments are appropriate." MCL 771.3(11).[3]

This case involves the MRTMA, which was passed into law by voter initiative in 2018. 2018 IL I. The MRTMA "generally decriminalized the use and possession of marijuana by adults aged 21 years or older." *People v Armstrong,* 344 Mich App 286, 297; 1 NW3d 299 (2022). Defendant argues that the district court abused its discretion by denying her motion to amend the terms of her probation and dismiss her probation violations on the basis that the condition of her probation prohibiting the use of marijuana was unlawful under the MRTMA.

In support of her argument, defendant relies on this Court's recent decision in *Thue*, 336 Mich App at 47. This Court has summarized *Thue* as follows:

> There, the defendant pleaded guilty to assault and battery following a road-rage incident and was sentenced to one year of probation. *Id*. at 38. A condition of that probation was that the defendant was prohibited from using marijuana, including medical marijuana. *Id*. The defendant sought to modify the terms of his probation, arguing that this probation condition was unlawful because he was an authorized user of medical marijuana under the MMMA. *Id*. The district court denied the defendant's motion, noting that "it had the authority to place restrictions on medication and that the restriction was appropriate" under the circumstances. *Id*.
>
> On appeal, this Court held that "a condition of probation prohibiting the use of medical marijuana that [was] otherwise used in accordance with the MMMA [was] directly in conflict with the MMMA and [was] impermissible." *Id*. at 47. This Court reasoned that the plain language of the MMMA established that any conflicting statutes or provisions were preempted or superseded by the MMMA,

---

[3] Defendant only presents arguments that the MRTMA precludes including a prohibition on the use or possession of marijuana as a condition of probation. Defendant does not argue that, if such a provision may be included as a condition of probation, that it was inappropriate to do so in this case.

including Michigan's probation act. *Id*. at 47. There was no indication that the defendant used marijuana in violation of the MMMA, and thus, this Court concluded that "the district court erred by prohibiting [the] defendant from MMMA-compliant marijuana use as a term of his probation . . . ." *Id*. at 47-48. [*Lopez-Hernandez*, ___ Mich App at ___; slip op at 3 (alterations in original).]

Defendant seeks to extend *Thue's* reasoning to this case. Defendant, raising the same argument as the defendant in *Lopez-Hernandez*, contends that because the MRTMA prohibits penalizing the use of marijuana in a manner compliant with the statute and it mirrors the language of the MMMA on the same subject, the probation condition prohibiting her use of recreational marijuana is unenforceable. Section 4 of the MMMA states that if an individual possesses a registry identification card, his or her medical use of marijuana in accordance with the MMMA "is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege . . . ." MCL 333.26424(a). Section 5 of the MRTMA similarly states that recreational uses of marijuana by persons 21 years of age or older in accordance with the MRTMA "are not an offense, are not grounds for seizing or forfeiting property, are not grounds for arrest, prosecution, or penalty in any manner, are not grounds for search or inspection, and are not grounds to deny any other right or privilege[.]" MCL 333.27955(1). Finally, § 4 of the MRTMA provides that "[a]ll other laws inconsistent with [the MRTMA] do not apply to conduct that is permitted by [the MRTMA]." MCL 333.27954(5). Because the language of the MMMA that this Court relied on in *Thue* is mirrored in the MRTMA, defendant asks this Court to extend *Thue* to this case.

But the argument that *Thue* automatically extends to recreational marijuana cases is not as clear-cut as defendant would suggest. Notably, this Court explained in *Thue* that the MMMA was inapplicable to the recreational use of marijuana:

Because probation is a privilege, the revocation of probation is a penalty or the denial of a privilege. Under MCL 333.26424(a), a person is protected from penalty in any manner, or denial of any right or privilege, for the lawful use of medical marijuana. Therefore, a court cannot revoke probation because of a person's use of medical marijuana that otherwise complies with the terms of the MMMA. We note, however, that the MMMA is inapplicable to the recreational use of marijuana, and thus, *a trial court may still impose probation conditions related to the recreational use of marijuana and revoke probation for such recreational use as well as for marijuana use in violation of the MMMA*. Accordingly, the district court erred by prohibiting defendant from MMMA-compliant marijuana use as a term of his probation; defendant's motion to modify the terms of his probation to allow him to use medical marijuana should have been granted. [*Thue*, 336 Mich App at 48. (emphasis added).]

This Court acknowledged in *Lopez-Hernandez*, ___ Mich App at ___; slip op at 3-4, that this statement is dicta. But this Court went on to say that, "[a]lthough this statement was dicta, as the Court was only analyzing the matter in relation to the MMMA, it is clear that the Court believed that a difference exist[ed] between imposing conditions of probation prohibiting the use of medical marijuana and those addressing the use of recreational marijuana." *Id*. We agree.

In *Lopez-Hernandez*, the defendant was convicted of operating a vehicle while visibly impaired, MCL 257.625(3). *Id*. at ___; slip op at 1. A condition of the defendant's probation prohibited him from using or possessing marijuana, which the defendant argued violated the plain language of the MRTMA. *Id*. This Court determined that the defendant was not using marijuana in compliance with the MRTMA when he was convicted of operating a vehicle while visibly impaired. *Id*. at ___; slip op at 4. This Court concluded, therefore, that the defendant was not entitled to protection from penalty under the MRTMA for violating the terms of his probation. *Id*. at ___; slip op at 4-5. Consequently, *Lopez-Hernandez* has turned the dicta of *Thue* into the binding precedent that the MRTMA does not automatically preclude a condition of probation that prohibits the use or possession of marijuana.

There are, however, differences between the facts of *Lopez-Hernandez* and those of the current case. In *Lopez-Hernandez*, the offense for which the defendant was on probation involved the use of marijuana. In the case before us, defendant was convicted of retail fraud.[4] *Lopez-Hernandez* did not address the question whether its holding would apply to cases that do not involve a marijuana-relate offense:

> We decline to hypothesize as to whether a probation condition proscribing the recreational use of marijuana where the defendant was not convicted of a marijuana-related crime would be permitted under the MRTMA, as that issue is not before us. More broadly speaking, we also observe that trial courts are often the recipient of federal funding, particularly for specialized treatment courts. Steven D. Capps, *Why We Do the Things That We Do: Court Funding and Law Practice*, pp 1, 3, available at https://www.michbar.org/journal/pdf/pdf4article2117.pdf (accessed May 22, 2024). Such funding may be contingent on compliance with federal laws and regulations, which may limit eligibility for specialty programming, for example. *Id*. at 3. Considering that marijuana remains illegal at the federal level, we question whether a blanket prohibition preventing trial courts from imposing marijuana-related probation conditions might affect overall federal funding eligibility for specialty courts, including those specifically designed to address defendants struggling with substance use disorders. [*Lopez-Hernandez*, ___ Mich App at ___; slip op at 5 n 3.]

The issue before us is whether it is permissible to proscribe the use of marijuana as a condition of probation for nonmarijuana-related crimes. We conclude that it is.

MCL 771.3(1)(a) provides as follows:

> (1) The sentence of probation *must* include all of the following conditions:

---

[4] Defendant represents in her brief that the theft was of clothing from a Meijer store. This representation is consistent with the allegations in the criminal complaint. There is no allegation that marijuana was involved in this offense.

(a) During the term of his or her probation, the probationer shall not violate any criminal law of this state, the *United States*, or another state or any ordinance of any municipality in this state or another state. [Emphasis added.]

The federal controlled substances act, 21 USC 801 *et seq.*, considers "marijuana an unlawful controlled substance." *Thue*, 336 Mich App at 41, citing *Ter Beek v Wyoming*, 495 Mich 1, 9-10; 846 NW2d 531 (2014). 21 USC 844(a) states, in relevant part, "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice . . . ." Clearly, as a condition of probation, probationers "shall not violate any criminal law of this state, the *United States,* or another state or any ordinance." MCL 771.3(1)(a) (emphasis added). Using recreational marijuana may be permissible in Michigan but it is still prohibited by federal law.

### III. CONCLUSION

Defendant was ordered to obey all state, federal, and local laws. She did not. She violated her lawfully imposed terms of probation.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Kathleen A. Feeney