PEOPLE v CANNON

Docket No. 161001. Submitted June 16, 1994, at Grand Rapids. Decided September 6, 1994, at 9:50 A.M.

Terrence J. Cannon pleaded guilty in the Bay Circuit Court, Eugene C. Penzien, J., of attempting to carry a concealed weapon and was sentenced to five years' probation with the condition that he be incarcerated in the county jail from December 7, 1992, to June 7, 1993. The defendant moved for amendment of the probation order, arguing that the specification of a date of release from jail would deny him good-time credits he was entitled to earn as provided under MCL 51.282; MSA 5.883(2). The court denied the motion. The defendant appealed.

The Court of Appeals *held:*

MCL 51.282(2); MSA 5.883(2)(2) grants every county jail prisoner who does not violate the rules and regulations of the jail a good-time credit of one day for every six days served. By setting a specific release date in the probation order, the trial court improperly denied the defendant the good-time credits he was entitled to earn under the statute and frustrated the purposes behind the statute of encouraging good behavior while incarcerated and of reducing jail overcrowding.

Reversed and remanded for entry of an amended order of probation.

SENTENCES — PROBATION — JAIL TERMS — GOOD-TIME CREDITS — SPECIFIC RELEASE DATES.

A court, in imposing a jail term as a condition of a sentence of probation, may not set a specific date for the defendant's release from jail; setting a specific release date could deny the defendant the opportunity to earn good-time credit as provided by statute (MCL 51.282[2]; MSA 5.883[2][2]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Criminal Law, §§ 535-537, 568-570.

Propriety of conditioning probation on defendant's serving part of probationary period in jail or prison. 6 ALR4th 446.

*Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

Before: MURPHY, P.J., and JANSEN and CONNOR, JJ.

JANSEN, J. Defendant pleaded guilty in the Bay Circuit Court of attempting to carry a concealed weapon, MCL 750.227; MSA 28.424; MCL 750.92; MSA 28.287. In exchange for the plea, the prosecutor dismissed a charge of carrying a concealed weapon and a charge of receiving and concealing stolen property over $100. The trial court subsequently sentenced defendant to five years' probation with the condition that defendant serve a term in the county jail from December 7, 1992, until June 7, 1993. In a postconviction motion, defendant moved to amend the order of probation, arguing that the imposition of a specific jail term with a specified release date was invalid pursuant to MCL 51.282; MSA 5.883(2) because it denied him good-time credit. The trial court denied the motion. We reverse the order of probation and remand for further proceedings.

Although defendant's issue is technically moot because it is now past his set release date, we will review the merits of the issue because it is one of public significance and is likely to recur in the future yet evade appellate review. *In re Closure of Jury Voir Dire,* 204 Mich App 592, 594; 516 NW2d 514 (1994).

The issue before us is one of statutory interpretation. Statutory interpretation is a question of law. *Smeets v Genesee Co Clerk,* 193 Mich App

628, 633; 484 NW2d 770 (1992). Questions of law are reviewed de novo on appeal. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

A fundamental rule of statutory interpretation is to determine the purpose and intent of the Legislature in enacting a provision. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *Guardian Industries Corp v Dep't of Treasury,* 198 Mich App 363, 381; 499 NW2d 349 (1993). Where the language of a statute is clear, there is no need for interpretation and the statute must be applied as written. *Farrington, supra,* p 208.

Const 1963, art 7, § 4 provides for the office of the sheriff. Pursuant to MCL 51.75; MSA 5.868, the "sheriff shall have the charge and custody of the jails of his county, and of the prisoners in the same." The provision at issue states:

> Every prisoner whose record shows that there are no violations of the rules and regulations shall be entitled to a reduction from his or her sentence as follows: 1 day for each 6 days of sentence. The sheriff may, by general rule, subject to amendment from time to time, prescribe how much of the good time earned under this subsection a prisoner shall forfeit for any infraction of the general rules and regulations, and for any act of insubordination the sheriff may by special order take away any portion of or the whole of the good time made by any prisoner up to the date of such offense. The sheriff may as a reward for especially good conduct, in case of insubordination, restore to any prisoner the whole or any portion of the good time lost because of any minor infraction of the rules. [MCL 51.282(2); MSA 5.883(2)(2).]

We find the above provision to be clear and unam-

biguous. In clear and unmistakable terms, the Legislature has stated that every county prisoner *shall* be entitled to a reduction of sentence of one day for every six days served where there are no violations of the rules and regulations. There are no exceptions in the provision for probationers or otherwise. Further, the *sheriff* is to prescribe how much good-time is to be forfeited for any infraction of the general rules and regulations.

In *People v Fleming,* 428 Mich 408, 425; 410 NW2d 266 (1987), the Supreme Court held that a sentencing court may not consider good-time credits to enhance a defendant's sentence. In so holding, the Court stated that the sentencing court should not circumvent or nullify the good-time statute, MCL 800.33; MSA 28.1403, by taking away good-time credits in advance. *Fleming, supra,* p 427; see also *People v Rushlow,* 437 Mich 149, 156; 468 NW2d 487 (1991) (where the Supreme Court reiterated that taking away disciplinary credits in advance would frustrate legislative intent). Further, this Court has held that although there is no constitutional right to good-time credit, once a good-time credit provision is adopted and a prisoner earns that credit, the deprivation of good-time credit constitutes a substantial sanction, and a prisoner may claim that a deprivation of good-time credit is a denial of a protected liberty interest without due process of law. *Tessin v Dep't of Corrections (After Remand),* 197 Mich App 236, 241; 495 NW2d 397 (1992); *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections,* 199 Mich App 681, 695; 503 NW2d 465 (1993).

Therefore, it follows that a court may not deprive a prisoner of good-time credit to which the prisoner may be entitled under statute before that prisoner has even begun serving the term of im-

prisonment. Here, MCL 51.282(2); MSA 5.883(2)(2) clearly states that "*[e]very* prisoner whose record shows that there are no violations of the rules and regulations *shall* be entitled to a reduction from his or her sentence" by one day for each six days of the sentence (emphasis added). The trial court could not deprive defendant of his statutory right to earn good-time credit by setting a specific term of imprisonment with a set release date in the order of probation. By denying the defendant his entitlement to good-time credit, a trial court frustrates the purposes behind the statute of encouraging good behavior of prisoners while incarcerated and of reducing jail overcrowding.

The prosecutor's argument that the term of imprisonment in this case is merely a condition of probation and not a sentence is disingenuous. Probation is an actual sentence. MCL 771.3(1); MSA 28.1133(1); *People v Moon,* 125 Mich App 773, 780; 337 NW2d 293 (1983); *People v Leonard,* 144 Mich App 492, 495; 375 NW2d 745 (1985). It follows that incarceration in the county jail, even if as a condition of probation, is part of the sentence. Thus, the prosecutor's argument that imprisonment in the county jail is a condition of probation but is not a sentence is a distinction without a difference.

We hold that the trial court erred in setting a specific term of imprisonment in the county jail, with a specific release date, as a condition of probation. Such a condition violated MCL 51.282(2); MSA 5.883(2)(2) because it prohibited defendant from obtaining good-time credit that he was lawfully entitled to earn.

Reversed and remanded for entry of an amended order of probation consistent with this opinion. Jurisdiction is not retained.