*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JULIA KATHLEEN SOTO,

Defendant-Appellant.

FOR PUBLICATION
October 07, 2024
11:13 AM

No. 370138
Berrien Circuit Court
LC No. 2022-015939-FH

Before: SWARTZLE, P.J., and REDFORD and FEENEY, JJ.

REDFORD, J.

The central issue in this interlocutory appeal is whether the Michigan Regulation and Taxation of Marihuana Act (MRTMA),[1] MCL 333.27951 *et seq.*, prevents a person accused of possession with intent to deliver between 5 and 45 kilograms of marijuana from being prosecuted under MCL 333.7401(2)(d)(*ii*). Because we conclude the MRTMA provides no such proscription, we affirm the trial court's denial of the motion to dismiss, and the case is remanded to the circuit court for trial on felony charges.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At a preliminary examination, Michigan State Police Trooper Joshua Ashlock testified about the circumstances of this case. On October, 26, 2022, Trooper Ashlock received information that Illinois State Police intercepted approximately 85 pounds of marijuana in a rental vehicle headed for southwest Michigan. The driver of the vehicle agreed to cooperate with Illinois State Police and deliver the marijuana as originally planned to Chad Boylen.[2] Per Boylen's instruction, the driver brought the marijuana to defendant's residence in Niles, Michigan. Boylen was arrested

---

[1] We note that the MRTMA uses the "marihuana" spelling. When we are not quoting the Act, we use the spelling "marijuana" as is commonly used in judicial opinions. See *Yellow Tail Ventures, Inc v Berkley*, 344 Mich App 689, 694; 1 NW3d 860 (2022).

[2] Chad Boylen was charged as a co-defendant in this matter. He subsequently entered a plea of guilty.

outside the residence. Defendant eventually exited the residence after police officers surrounded the house and called for her to exit. A protective sweep of the residence revealed large quantities of marijuana inside. After obtaining a search warrant, officers seized approximately 20 pounds of marijuana from the residence, the majority of which was found in what was believed to be defendant's bedroom. In addition, officers seized over $10,000 cash from the residence. Following the preliminary examination, defendant was bound over for trial on charges of (1) possession with intent to deliver between 5 and 45 kilograms of marijuana, MCL 333.7401(2)(d)(*ii*) and (2) maintaining a drug house, MCL 333.7405(1)(d).

In February 2023, defendant moved to suppress and dismiss the charges, claiming that evidence was seized pursuant to an unconstitutional search. The circuit court denied this motion. Subsequently, this Court denied defendant's application for leave to appeal. *People v Soto*, unpublished order of the Court of Appeals, entered September 11, 2023 (Docket No. 365822). In March 2023, defendant filed a supplemental brief in support of her earlier motion to suppress and dismiss, raising the new argument that the MRTMA prohibited the prosecution of her possession-with-intent-to-deliver-marijuana charge as a felony. In response, the prosecution argued that the matter was not addressed by the MRTMA and instead fell under Article 7 of the Public Health Code. The circuit court agreed with the prosecution and denied defendant's motion to dismiss. Defendant appeals by leave granted.[3]

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion to dismiss charges against a defendant for an abuse of discretion. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Clark*, 330 Mich App 392, 415; 948 NW2d 604 (2019). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019) (quotation marks and citation omitted). Questions of law, including questions of statutory interpretation, are reviewed de novo. *Id*.

This case involves the interpretation of the MRTMA and Article 7 of the Public Health Code. "A fundamental rule of statutory interpretation is to determine the purpose and intent of the Legislature in enacting a provision." *People v Cannon*, 206 Mich App 653, 655; 522 NW2d 716 (1994). The MRTMA was passed into law by initiative. 2018 IL 1. This Court interprets laws passed by initiative by determining the intent of the electorate, rather than the intent of the Legislature. *People v Hartwick*, 498 Mich 192, 210; 870 NW2d 37 (2015). However, like legislatively-enacted statutes, "[o]ur interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent." *Id*. (quotation marks and citation omitted). "[A]s with other initiatives, we place special emphasis on the duty of judicial restraint." *Id*. (quotation marks and citation omitted). Accordingly, we make no judgment as to the wisdom of the statutory framework of the MRTMA as enacted by the electorate. We simply derive its meaning from the plain language of the statute.

---

[3] *People v Soto*, unpublished order of the Court of Appeals, entered May 24, 2024 (Docket No. 370138).

## III. ANALYSIS

Last year, this Court was asked to determine whether the MRTMA or Article 7 of the Public Health Code provided the framework for prosecuting a manufacturing-marijuana charge in a case involving an unlicensed commercial grow operation and concluded that the applicable framework was the MRTMA. *People v Kejbou*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361377); slip op at 9. We limited that decision to the prosecution of defendants accused of maintaining unlicensed commercial grow operations, taking no position on whether the MRTMA also controls in the prosecution of defendants charged for possessing an amount of marijuana or marijuana plants in excess of the amounts considered legal for personal, recreational use under the MRTMA. *Id.* at ___; slip op at 2 n 3. In this case, we revisit the MRTMA and Article 7 of the Public Health Code to consider which provides the framework for prosecuting possession with intent to deliver more than twice the amount of marijuana allowed by MCL 333.27955. We conclude that the MRTMA does not prevent a person accused of possession with intent to deliver between 5 and 45 kilograms of marijuana from being prosecuted under MCL 333.7401(2)(d)(*ii*).

As relevant to this appeal, MCL 333.7401, § § 1 and 2 of Article 7 of the Public Health Code, provides:

> (1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form. A practitioner licensed by the administrator under this article shall not dispense, prescribe, or administer a controlled substance for other than legitimate and professionally recognized therapeutic or scientific purposes or outside the scope of practice of the practitioner, licensee, or applicant.

> (2) A person who violates this section as to:

> * * *

> (d) Marihuana, a mixture containing marihuana, or a substance listed in section 7212(1)(d) is guilty of a felony punishable as follows:

> * * *

> (*ii*) If the amount is 5 kilograms or more but less than 45 kilograms, or 20 plants or more but fewer than 200 plants, by imprisonment for not more than 7 years or a fine of not more than $500,000.00, or both. [MCL 333.7401(2)(d)(*ii*).]

Consequently, if defendant is prosecuted under § 7401, she would potentially face a felony conviction, up to seven years' imprisonment, and a fine of up to $500,000.

There is no counterpart for defendant's alleged conduct in the MRTMA. Section 4 of the MRTMA sets forth conduct unauthorized by the Act, and provides that "[a]ll other laws inconsistent with this act do not apply to conduct that is permitted by this act." MCL

333.27954(5).[4]  Section 5 of the MRTMA legalizes the possession, use or consumption, internal possession, purchase, transport, or processing of up to 2.5 ounces of marijuana.  MCL 333.27955(1)(a).  Further, § 5 provides that, within a person's residence, a person may lawfully possess, store, and process not more than 10 ounces of marijuana.  MCL 333.27955(1)(b).

Section 15 of the MRTMA sets forth a gradated penalty framework for possession, cultivation, or delivery without remuneration of marijuana in ways unauthorized by the Act.  It states that a violator "may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law."  MCL 333.27965.  Under § 15, possession, cultivation, delivery without remuneration, and possession with intent to deliver certain quantities of marijuana are penalized as follows:

1. Except for a person who engaged in conduct described in sections 4(1)(a), 4(1)(b), 4(1)(c), 4(1)(d), 4(1)(g), or 4(1)(h), a person who possesses not more than the amount of marihuana allowed by section 5, cultivates not more than the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than the amount of marihuana allowed by section 5, or *possesses with intent to deliver not more than the amount of marihuana allowed by section 5*, is responsible for a civil infraction and may be punished by a fine of not more than $100 and forfeiture of the marihuana.

2. Except for a person who engaged in conduct described in section 4, a person who possesses not more than twice the amount of marihuana allowed by section 5, cultivates not more than twice the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than twice the amount of marihuana allowed by section 5, or *possesses with intent to deliver not more than twice the amount of marihuana allowed by section 5*:

(a) for a first violation, is responsible for a civil infraction and may be punished by a fine of not more than $500 and forfeiture of the marihuana;

(b) for a second violation, is responsible for a civil infraction and may be punished by a fine of not more than $1,000 and forfeiture of the marihuana;

(c) for a third or subsequent violation, is guilty of a misdemeanor and may be punished by a fine of not more than $2,000 and forfeiture of the marihuana. [MCL 333.27965(1)-(2) (emphasis added).]

---

[4] Section 4 clarifies that the MRTMA does not authorize operation of motor vehicles under the influence of marijuana, possession by or providing marijuana to persons under 21, unsecured storage of large amounts of marijuana, or possession or consumption of marijuana on the grounds of grade schools or correctional facilities.  MCL 333.27954(1)(a)-(*i*).  The parties do not suggest that defendant exceeded the scope of the MRTMA as stated in § 4.

Notably, although possession with intent to deliver marijuana is addressed in Subsections (1) and (2), it is absent from the provision penalizing the possession, cultivation, or delivery without remuneration more than twice the amount of marijuana allowed by § 5 as a misdemeanor:

> Except for a person who engaged in conduct described in section 4, a person who possesses more than twice the amount of marihuana allowed by section 5, cultivates more than twice the amount of marihuana allowed by section 5, or delivers without receiving any remuneration to a person who is at least 21 years of age more than twice the amount of marihuana allowed by section 5, shall be responsible for a misdemeanor, but shall not be subject to imprisonment unless the violation was habitual, willful, and for a commercial purpose or the violation involved violence. [MCL 333.27965(4).]

"Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). Plain from the statutory text of MCL 333.27965, the inclusion of the "possession with intent to deliver" language in Subsections (1) and (2) indicates the electorate's awareness of that conduct and demonstrates the intent to penalize possession with intent to deliver lesser quantities of marijuana with the lesser penalty of a civil infraction. However, the omission of the same language in the list of conduct subject to misdemeanor penalties in Subsection (4) demonstrates the electorate's deliberate exclusion of possession with intent to deliver larger quantities of marijuana from the scope of the MRTMA. See *Peltola*, 489 Mich at 185. Instead, the conduct underlying defendant's possession-with-intent-to-deliver-marijuana charge expressly implicates Article 7 of the Public Health Code, which, as relevant to this appeal, penalizes possession with the intent to deliver between 5 and 45 kilograms of marijuana as a felony. MCL 333.7401(2)(d)(*ii*). Consequently, we conclude that the MRTMA does not supersede Article 7 of the Public Health Code with regard to the felony prosecution of persons who possess with the intent to deliver more than twice the amount of marijuana allowed by MCL 333.27955.

This conclusion does not conflict with this Court's recent decision that a defendant's manufacturing-marijuana charge was covered by the MRTMA rather than Article 7 of the Public Health Code. *Kejbou*, ___ Mich App at ___; slip op at 9. The defendant in that case was bound over for trial on various felony charges, including the manufacturing of 200 or more marijuana plants, MCL 333.7401(2)(d)(*i*), after investigators found over 1,000 marijuana plants on the defendant's property. *Id*. at ___; slip op at 1-2. This Court concluded that the defendant's conduct implicated both the prohibition against cultivating 200 or more marijuana plants for purposes against felony prosecution under the Public Health Code, MCL 333.7401(2)(d)(*i*), and the prohibition of cultivating more than twice the allowed 12 plants for purposes of a misdemeanor prosecution under the MRTMA, MCL 333.27965(4). *Kejbou*, ___ Mich App at ___; slip op at 5. Faced with a conflict between the two statutes, this Court held that the MRTMA controlled the outcome of the case as the more recent and more specific statute dealing with penalties for possessing marijuana plants. *Id*. at ___; slip op at 6. We are not limited by the decision in *Kejbou*, however, because the relevant statutory provisions are not in conflict in this case.

Moreover, the purpose and intent of the MRTMA supports our conclusion:

The purpose of this act is to make marihuana legal under state and local law for adults 21 years of age or older, to make industrial hemp legal under state and local law, and to control the commercial production and distribution of marihuana under a system that licenses, regulates, and taxes the businesses involved. The intent is to prevent arrest and penalty for personal possession and cultivation of marihuana by adults 21 years of age or older; remove the commercial production and distribution of marihuana from the illicit market; prevent revenue generated from commerce in marihuana from going to criminal enterprises or gangs; prevent the distribution of marihuana to persons under 21 years of age; *prevent the diversion of marihuana to illicit markets*; ensure the safety of marihuana and marihuana-infused products; and ensure security of marihuana establishments. To the fullest extent possible, this act shall be interpreted in accordance with the purpose and intent set forth in this section. [MCL 333.27952 (emphasis added).]

The broad mandate of this Act makes marijuana legal under Michigan law for personal use and personal cultivation by individuals 21 years of age or older; however, as is evident from its lengthy stated purpose, this is not the only specified purpose of the Act. The Act is also intended to prevent the diversion of marijuana into illicit markets. Possession with intent to deliver large quantities of marijuana for compensation and outside of state regulation implies an illicit dealing for profit or a contribution to the illicit market. Such conduct subverts the express purpose of the Act. Both the plain language of MCL 333.27965(4) and the stated purpose of the Act support that this conduct should be subject to criminal prosecution under the Public Health Code.

Despite our conclusion that this outcome comports with the stated purpose of the statute, defendant decries the plain language of the statute as producing "bizarre outcomes" inconsistent with the express purpose of the Act. We disagree that this result creates a "bizarre outcome". Rather, exclusion of possession with the intent to deliver larger quantities of marijuana from the scope of the MRTMA is consistent with one of the specified purposes of the Act, that is to "*prevent the diversion of marihuana to illicit markets*." MCL 333.27952 (emphasis added). It is axiomatic that the plain language of the statute is the most reliable evidence of the electorate's intent and it is not this Court's place to make judgments about the wisdom of the Act. See *Hartwick*, 498 Mich at 210.

## IV. CONCLUSION

For the foregoing reasons, we hold that the circuit court reached the correct result by finding that MCL 333.27965(4) does not supersede Article 7 of the Public Health Code for purposes of prosecuting the possession with intent to deliver to another more than twice the amount of marijuana permitted by MCL 333.27955. Consequently, the circuit court properly denied defendant's motion to dismiss.

Affirmed.

/s/ James Robert Redford
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

-6-