*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JARRETT NYSCHICK,

        Defendant-Appellant.

UNPUBLISHED
October 11, 2024
10:33 AM

No. 366433
Oakland Circuit Court
LC No. 1994-135136-FH

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's December 9, 2022 order denying his motion for relief from judgment related to his May 5, 1995 guilty-plea conviction of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with victim under age 13). We vacate the trial court's order and remand for further proceedings.

## I. BACKGROUND

In 1995, defendant pleaded guilty to CSC-II and was sentenced to, among other things, two years' probation. The Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, took effect on October 1, 1995,[2] and, as a term of defendant's probation, he was required to register pursuant to SORA for 25 years. After the Legislature passed amendments to SORA in 2011 PA 17 and 18 (the 2011 SORA), defendant, as a Tier III offender, was required to register pursuant to SORA for life. In 2013, defendant moved to vacate his sentence, arguing that the trial court never acquired jurisdiction over him because he was never properly bound over. The trial court denied this motion. At some point, defendant moved to Florida. The Florida Sexual Predators Act, Fla Stat 775.21 *et seq.*, requires that any Florida resident who is required to register under another state's sex offender registration act must also register under the Florida Sexual Predators Act. Because

---

[1] *People v Nyschick*, unpublished order of the Court of Appeals, entered November 15, 2023 (Docket No. 366433).

[2] 1994 PA 295.

defendant was required to register under Michigan's SORA, he had to register under the Florida Sexual Predators Act.

On May 19, 2022, defendant filed a motion for relief from judgment in which he asked the trial court to enter an order stating that he was no longer required to register under SORA because he had completed his original 25-year SORA-registration requirement, and the 2011 SORA and the current version of SORA enacted by 2020 PA 295 (the 2021 SORA) constituted impermissible ex post facto laws that lengthened his sentence. In a response filed on August 1, 2022, the prosecution argued that (1) defendant had not established good cause entitling him to relief from judgment because he did not raise the issue of lifetime registration in his previous motion to have his sentence vacated; (2) defendant could not receive relief because the requirement that he register for SORA was contained in an amendment to the terms of his probation, not in his judgment of sentence; (3) relief was not available to defendant because he was a resident of Florida and therefore not required to register under SORA; and (4) the 2021 SORA did not constitute punishment, so the requirement that defendant register under the 2021 SORA did not violate the constitutional prohibition on ex post facto laws.

On December 9, 2022, the trial court issued an opinion and order denying defendant's motion for relief from judgment.[3] The trial court first stated that there was no authority establishing that the 2021 SORA violated the prohibition against ex post facto laws and that defendant failed "to argue or cite any authority regarding the retroactive application of the current 2021 SORA Amendment." The trial court accordingly determined that the 2021 SORA applied to defendant and that defendant could be required to register under that law. But the court went on to state that defendant was actually "not subject to the requirements of the Michigan SORA" because he "is no longer a resident of Michigan."[4] The trial court reasoned that, because of this, defendant could not establish "good cause" to be entitled to relief from judgment. The court additionally reasoned that it could not remove defendant from the Florida registry, and that "[d]efendant's conviction alone, not an order of this Court, has subjected him to sex offender registries in other jurisdictions." The trial court accordingly concluded that, under the circumstances, defendant had not shown entitlement to relief from judgment.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's decision on a motion for relief from judgment. *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "The trial court abuses its discretion when it makes an error of law or when its decision falls outside the range of reasonable and principled outcomes." *People v Owens*, 338 Mich App 101, 113; 979 NW2d 345 (2021). "This Court reviews de novo the trial court's interpretation of court rules." *Id*.

---

[3] It appears that the trial court did not hold a hearing before issuing its opinion and order.

[4] In a footnote, the court acknowledged that if defendant was in Michigan, "he would be . . . subjected to SORA requirements."

### III. ANALYSIS

Defendant argues that the trial court abused its discretion when it denied his motion for relief from judgment. We agree that the trial court erred when it (1) concluded that defendant had not established good cause and (2) failed to address whether defendant had established actual prejudice. We accordingly vacate the trial court's December 9, 2022 order and remand this case to the trial court for further proceedings.

The trial court did not reason, and the prosecution has not argued, that defendant's motion was a successive motion for relief from judgment that must satisfy MCR 6.502(G)(2). Even if that argument was raised, it would not warrant a different outcome. Despite the fact that defendant challenged his conviction on jurisdictional grounds in 2013, there has since been a retroactive change in the law governing SORA, see generally *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021), implicating MCR 6.502(G)(2)(a). See *People v Stovall*, 510 Mich 301, 310-311; 987 NW2d 85 (2022) (explaining that a retroactive change in the law need only serve as the "foundation" or "base" of a defendant's claim to overcome the procedural bar of MCR 6.502(G)(2)).

The sole issue on appeal is whether defendant established entitlement to relief from judgment under MCR 6.508(D). That rule provides in pertinent part:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

> \* \* \*

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

> (b) actual prejudice from the alleged irregularities that support the claim for relief. [MCR 6.508(D)(3).]

Stated simply, this rule provides that, to establish entitlement to relief from judgment, a defendant must establish both good cause and actual prejudice. *Swain*, 288 Mich App at 632. Good cause can be established "by showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 385; 535 NW2d 496 (1995). As relevant here, "actual prejudice" means that, "in the case of a challenge to the sentence, the sentence is invalid." MCR 6.508(D)(3)(b)(*iv*).

## A. GOOD CAUSE

Defendant clearly established good cause for not raising this ground for relief in his direct appeal or in his subsequent 2013 motion—even by the time defendant's 2013 motion was filed, there was no binding precedent holding that the 2011 SORA could not be applied retroactively, and the 2021 SORA was still years away from passage. The timing of defendant's motion for relief from judgment in 2022 thus fit well within the general rule that a motion for relief from judgment is allowed when there is a retroactive change to the law and the retroactive change may entitle the defendant to relief. See *People v Poole*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 352569); slip op at 9.

The trial court provided two bases to conclude that defendant had not established good cause, but both were legally deficient. First, the court reasoned that defendant had not established good cause because he was "not currently required to comply with the registration requirement as he is not a Michigan Resident." By so reasoning, the court conflated whether defendant was presently required to register with Michigan authorities pursuant to SORA with whether defendant is subject to the requirements of SORA. Although defendant was not registered on the Michigan sex offender registry when the trial court decided defendant's motion for relief from judgment, defendant was still subject to the requirements of SORA[5]; he was simply in compliance with SORA (despite not being on the registry) because he was not presently domiciled or residing in Michigan. SORA still requires defendant to register under different circumstances, such as if defendant becomes domiciled or takes temporary residence in Michigan. See MCL 28.723(1). Whether defendant has a present requirement to maintain registration on the Michigan sex offender registry poses a separate question from whether defendant is subject to the requirements of SORA, and the trial court legally erred by conflating the two.

Second, the trial court reasoned that "[d]efendant's conviction alone, not an order of this Court, has subjected him to sex offender registries in other jurisdictions." This, too, was incorrect as a matter of law. Under Fla Stat 943.0435.b, a person must register pursuant to the Florida

---

[5] Defendant was first required to register under SORA because he was on probation for a listed offense on October 1, 1995. See MCL 28.723, as enacted by 1994 PA 295. Under the current version of the statute, MCL 28.723 provides in pertinent part:

> (1) Subject to subsection (2), the following individuals who are domiciled or temporarily reside in this state or who work with or without compensation or are students in this state are required to be registered under this act:

> * * *

> (b) An individual convicted of a listed offense on or before October 1, 1995 if on October 1, 1995 he or she is on probation or parole . . . .

Defendant was originally only required to register for 25 years. See MCL 28.725(3), as enacted by 1994 PA 295. Now, however, defendant is designated as a Tier III offender, MCL 28.722(v)(*v*), and as such is required to register for life, MCL 28.725(13). Accordingly, when defendant temporarily resides in Michigan, he is still required to register.

Sexual Predators Act if he or she was adjudicated as a sexual offender and, "as a result of such designation, [is] subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction . . . ." Accordingly, it is not only defendant's conviction that subjects defendant to Florida's Sexual Predators Act registration requirements, contrary to the trial court's assertion. Rather, defendant is subject to Florida's registration requirements because he was convicted *and* remains subject to registration in Michigan as if he were a resident of Michigan. While the trial court was correct that it could not remove defendant from Florida's registry, defendant is correct that the trial court could remove defendant from the SORA-registration requirement he is currently subjected to, which was what he (at least in part) requested.

The prosecution offers two alternative arguments for affirming the trial court's "good cause" finding, but neither argument is persuasive. First, the prosecution argues that a motion for relief from judgment is not the proper vehicle for challenging the validity of defendant's SORA-registration requirements. According to the prosecution, defendant's only remedy is to pursue a civil action against the Michigan State Police to bar that agency from enforcing the requirements against defendant. See, e.g., *People v Spencer*, 493 Mich 939, 939 (2013). We disagree. After the Supreme Court held that the 2011 SORA may not be applied retroactively in *Betts*, 507 Mich at 574, the Court issued several orders directing trial courts to grant the defendants' motions for relief from judgment to remove the invalid SORA-registration requirements. See, e.g., *People v Pohly*, ___ Mich ___; 969 NW2d 330 (2022) (involving a conviction for a 2004 offense); *People v Smith*, ___ Mich ___; 969 NW2d 15 (2022) (involving a conviction for a 1992 offense). These orders demonstrate that a motion for relief from judgment can be a proper vehicle for achieving the relief sought by defendant.

Second, the prosecution argues that defendant is not entitled to relief from judgment because the requirement that he register pursuant to SORA is included not as part of his judgment of sentence but as a term of his probation. The prosecution has not cited to any authority suggesting that, when a particular term of probation is not included in a judgment of sentence, that requirement is not a part of the defendant's sentence. This Court, moreover, has held that "[p]robation is an actual sentence," and a condition of probation "is part of the sentence." *People v Cannon*, 206 Mich App 653, 657; 522 NW2d 716 (1994). The prosecution's argument that the SORA-registration requirement is a condition of probation but not part of defendant's sentence "is a distinction without a difference." *Id*.

## B. ACTUAL PREJUDICE

The trial court also reasoned that defendant could not establish actual prejudice—which, here, means that defendant could not establish that his sentence was invalid—because "there [was] no authority finding the [2021 SORA] unconstitutional, and Defendant fail[ed] to argue or cite any authority regarding the retroactive application of the current 2021 SORA Amendment." We disagree.

In *Betts*, 507 Mich at 541, our Supreme Court considered whether the 2011 SORA could be applied to registrants who committed crimes before the passage of the 2011 SORA or if applying the 2011 SORA to previously-convicted registrants constituted an unconstitutional ex

post facto punishment on those registrants. The dispositive issue was whether the 2011 SORA created a civil regulatory structure or if it constituted criminal punishment. *Id*. at 543. If the 2011 SORA created a civil regulatory structure, then the 2011 SORA could be applied to those convicted before the amendments' passage. *Id*. If the 2011 SORA constituted a criminal punishment, then the prohibition against ex post facto laws would prevent the 2011 SORA from being applied to those convicted before the amendments were passed. *Id*. To determine whether registration pursuant to the 2011 SORA was a punishment, the Supreme Court applied the *Mendoza-Martinez*[6] factors, which are factors set forth by the United States Supreme Court for determining whether a statutory framework imposes a criminal punishment. *Id*. at 550. Our Supreme Court concluded that, considering all the *Mendoza-Martinez* factors, the 2011 SORA constituted a criminal punishment, and held that the 2011 SORA could not be enforced against individuals who were convicted before the 2011 SORA was passed because doing so would amount to enforcing an unconstitutional ex post facto law. *Id*. at 562.

In anticipation that the Supreme Court would hold that the 2011 SORA would impose an ex post facto punishment when applied retroactively, the Legislature passed the 2021 SORA, which went into effect less than three months before the Supreme Court issued *Betts*. The purpose of the 2021 SORA was to remove the provisions of the 2011 SORA that made it a punitive statute and return SORA to a civil remedy. House Legislative Analysis, HB 5679 (December 1, 2020). The *Betts* Court declined to consider whether the 2021 SORA imposed a criminal penalty and constituted an unconstitutional ex post facto punishment. *Betts*, 507 Mich at 574 n 30. Thus, whether the 2021 SORA cured the constitutional impediments to retroactivity was left open.

In *People v Lymon*, 342 Mich App 46, 69; 993 NW2d 24 (2022), aff'd in part and vacated in part ___ Mich ___ (2024), this Court considered whether the 2021 SORA constituted a criminal punishment, albeit in a context different from this case. In *Lymon*, this Court considered whether the 2021 SORA imposed a criminal punishment to decide whether the constitutional prohibition against cruel or unusual punishments in the Michigan Constitution, Const 1963, art 1, § 16, prohibited requiring those convicted of nonsexual crimes to register under SORA. *Id*. at 52. The defendant in *Lymon* was convicted of nonsexual violent crimes, including unlawful imprisonment of a minor, MCL 750.349b, which is a crime that required the defendant to register under SORA. *Lymon*, 342 Mich App at 52. The defendant argued that the requirement that he register under SORA for a nonsexual crime violated the prohibitions against cruel or unusual punishments. *Id*. To resolve the issue, this Court first considered whether the 2021 SORA constituted a civil remedy or a criminal punishment. *Id*. at 69. This Court determined that the proper test to determine whether the 2021 SORA constituted a criminal punishment was to apply the *Mendoza-Martinez* factors. *Id*. at 70. As relevant here, drawing heavily on the Supreme Court's analysis of the *Mendoza-Martinez* factors in *Betts*, this Court concluded that the 2021 SORA imposed a criminal punishment on registrants. *Id*. at 81.

---

[6] *Kennedy v Mendoza-Martinez*, 372 US 144; 83 S Ct 554; 9 L Ed 2d 644 (1963).

Defendant filed his motion for relief from judgment on May 19, 2022. Defendant argued that, on the basis of the Supreme Court's decision in *Betts* and two federal court decisions,[7] the 2021 SORA could not be retroactively applied against him because doing so would be imposing an unconstitutional ex post facto punishment.

When defendant filed his motion on May 19, 2022, this Court had not issued *Lymon*. But *Lymon* was released roughly one month later, on June 16, 2022, which was almost six months before the trial court ruled on defendant's motion. Thus, by the time that the trial court issued its opinion and order on December 9, 2022, it was not true that "there is no authority finding the [2021 SORA] unconstitutional," contrary to the trial court's assertion in its opinion.[8] While the trial court was arguably correct that defendant did not "cite any authority regarding the retroactive application of the current 2021 SORA Amendment," defendant's argument posed a logical extension of the Supreme Court's holding in *Betts*. Indeed, this Court's opinion in *Lymon* relied almost exclusively on our Supreme Court's opinion in *Betts* to conclude that the 2021 SORA imposed a criminal punishment. See *Lymon*, 342 Mich App at 69-81. While that portion of *Lymon* was ultimately vacated, *Lymon* demonstrates that defendant's argument was worthy of consideration. And as the prosecution notes, despite our Supreme Court vacating the pertinent portion of *Lymon*, whether *Lymon* was correct that the 2021 SORA constitutes a criminal punishment is unresolved, and a case addressing the issue is currently pending before our Supreme Court. See *People v Kardasz*, ___ Mich ___; 6 NW3d 405 (2024).

We accordingly conclude that defendant sufficiently briefed the issue of actual prejudice, and the trial court incorrectly reasoned, "While other courts have examined the 2021 SORA Amendment, there is no authority finding the same unconstitutional, and Defendant fails to argue or cite any authority regarding the retroactive application of the current 2021 SORA Amendment." As explained, when the trial court issued its opinion, there was, in fact, binding authority finding the 2021 SORA unconstitutional (albeit the relevant portion of *Lymon* has since been vacated), and defendant had cited relevant authority bringing into question the retroactive application of the 2021 SORA. Rather than address the merits of defendant's argument, however, the appropriate disposition is to remand for the trial court to address the merits of defendant's motion in the first instance. See *Poole*, ___ Mich App at ___ n 5; slip op at 8 n 5.

IV. CONCLUSION

For the reasons explained in this opinion, the trial court abused its discretion by finding that defendant had not established good cause under MCR 6.508(D)(3)(a), and by concluding that defendant had not cited sufficient authority to potentially establish actual prejudice. We therefore vacate the trial court's December 9, 2022 opinion and order, and remand for the trial court to

---

[7] *Does #1-5 v Snyder*, 834 F3d 696, 705-705 (CA 6, 2016); *Doe v Snyder*, 606 F Supp 3d 608 (ED Mich, 2021).

[8] Notably, the prosecution cited *Lymon* in its response in the trial court, though the prosecution represented to the trial court that "the Courts have not yet addressed the issue of whether the 2021 amendments to SORA amount to Ex Post Facto punishment under the United States and Michigan Constitutions."

address the merits of defendant's argument that his sentence was invalid, i.e., whether defendant established actual prejudice under MCR 6.508(D)(3)(b)(*iv*).

Vacated and remanded for further proceedings.  We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado